Richard Levin (RL 1651)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone:   (212) 474-1000
Facsimile:    (212) 474-3700

*Attorneys for Debtor New York City Off-Track Betting Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>NEW YORK CITY OFF-TRACK BETTING CORPORATION,<br><br>Debtor.[1] | Chapter 9<br><br>Case No. 09-17121 (MG) |

### MOTION FOR AN ORDER EXTENDING THE TIME TO ASSUME OR REJECT UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES

New York City Off-Track Betting Corporation ("**NYC OTB**"), hereby moves this Court for an order (a) extending the time to assume or reject unexpired nonresidential real property Leases (defined below) for 90 days, to and including October 18, 2010 in accordance with sections 365(d)(4) and 901 of the Bankruptcy Code, Rule 9013 of the Federal Rules of Bankruptcy Procedure, and Local Rule 9013-1, and (b) granting related relief. In support of this Motion, NYC OTB respectfully represents as follows:

---

[1] NYC OTB's address is 1501 Broadway, New York, NY 10036. NYC OTB's tax identification number is 13-2664509.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b). Venue is proper before this Court under 28 U.S.C. §§1408 and 1409.

2. The statutory predicates for the relief requested by this Motion are sections 365(d)(4) and 901 of the Bankruptcy Code.

**RELIEF REQUESTED**

3. In accordance with section 365(d)(4) and section 901 of the Bankruptcy Code, Rule 9013 of the Federal Rules of Bankruptcy Procedure, and Local Rule 9013-1, NYC OTB seeks the entry of an order extending the period in which it may assume or reject certain unexpired leases of nonresidential real property (collectively, the "**Leases**") identified on Annex A attached hereto through and including October 18, 2010. The initial 120-day period in which NYC OTB must assume or reject the Leases expires on July 20, 2010. Because NYC OTB requires additional time to determine whether to assume or reject the Leases, a 90-day extension through and including October 18, 2010 is necessary and appropriate.

**FACTUAL BACKGROUND**

4. On December 3, 2009 (the "**Petition Date**"), NYC OTB filed a voluntary petition [Docket No. 1] for relief under chapter 9 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The factual background regarding NYC OTB, including the business operations, the capital and debt structure, and the events leading to the filing of

the chapter 9 case, is set forth in detail in the Declaration of Robert J. Garry in Support of the Chapter 9 Petition and the Statement of Qualifications [Docket No. 2], the Declaration of Raymond Casey in Support of the Chapter 9 Petition and the Statement of Qualifications [Docket No. 3] and in this Court's Opinion and Order Overruling Objections of New York Racing Association, Inc., New York Thoroughbred Horsemen's Association, Inc., and New York Thoroughbred Breeders, Inc. to Debtor's Bankruptcy Petition and Statement of Qualifications Under § 109(c) [Docket No. 63].

5.  As of the Petition Date, NYC OTB was the lessee under 61 unexpired leases of nonresidential real property.

6.  Since the Petition Date, two of the leases have expired according to their terms or have been terminated according to early termination provisions negotiated by NYC OTB and the respective lessors.

7.  Remaining Leases include 56 branch locations where customers place wagers, a garage, a warehouse facility, and NYC OTB's headquarters location at 1501 Broadway, New York, New York, which houses NYC OTB's administrative and support departments and telephone betting and internet wagering operations.  The parties to and locations of such Leases are listed on Annex A attached hereto.

8.  On March 22, 2010, this Court entered an order for relief (the "**Order for Relief**") [Docket No. 64] in the case.  Section 365(d)(4) provides that a nonresidential real property lease is deemed rejected if the lease is not assumed within 120 days after the order for relief, but the court may extend the 120-day period for up to 90 days for cause.  In this case, 120 days after the Order for Relief is July 20, 2010.

9. Since the entry of the Order for Relief, NYC OTB has been engaged in extensive negotiations with the New York State Legislature, the New York Governor, the Official Committee of Unsecured Creditors and other stakeholders to negotiate a plan of debt adjustment that can be confirmed in the chapter 9 case.

10. On June 4, 2010, NYC OTB's Chairman, Meyer S. Frucher, tendered his resignation to Governor David Paterson. Governor Paterson has appointed Lawrence Schwartz as the new Chairman of NYC OTB. NYC OTB's new Chairman is engaged in a review of NYC OTB's operations and requires additional time to complete this process and determine the strategic direction of NYC OTB.

11. While NYC OTB's new Chairman performs his review of NYC OTB's operations and negotiations with stakeholders continue, NYC OTB is not in a position to make the best decision as to which leases to assume.

## BASIS FOR RELIEF

**I. The Court Should Authorize an Extension of the Time to Assume or Reject the Unexpired Nonresidential Leases.**

A.  <u>The Court may extend the time for assumption or rejection of an unexpired nonresidential lease for a period of 90 days on a showing of cause.</u>

12. Section 365(d)(4)(B)(i) of the Bankruptcy Code provides that an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected if the trustee does not assume or reject the unexpired lease by the earlier of 120 days after the date of the order for relief or the date of the entry of an order confirming a plan. However, the time for such assumption or rejection may be extended for a period of 90 days if the bankruptcy court grants a motion for such extension within the 120-day period upon a showing of cause. See 11 U.S.C. § 365(d)(4)(A).

13. Courts typically consider a variety of factors in determining whether cause exists to grant of an extension of time to assume or reject under §365(d)(4) of the Bankruptcy Code. Such factors include: (i) whether the debtor has had sufficient time to evaluate its leases to decide whether to assume or reject; (ii) whether the case is complex and involves numerous leases; (iii) whether the lease is the debtor's primary asset; and (iv) whether the debtor is paying for use of the property. See Theatre Holding Corp. v. Mauro, 681 F.2d 102, 105 (2d Cir. 1982); In re Burger Boys, Inc., 94 F.3d 755, 761 (2d Cir. 1996).

B.   Cause exists to justify the requested extension in NYC OTB's chapter 9 case.

14. In this case, there is cause for this Court to grant a 90-day extension of this period through and including October 18, 2010 in accordance with 11 U.S.C. § 365(d)(4)(A).

15. First, it is difficult for NYC OTB to evaluate each of the Leases to determine whether they should be assumed or rejected while plan negotiations proceed and NYC OTB's new Chairman engages in a review of operations. Negotiations with stakeholders concerning NYC OTB's plan of debt adjustment remain ongoing and NYC OTB's recently appointed Chairman has just begun his review of NYC OTB's operations. The new Chairman requires additional time to complete his review of NYC OTB's operations and NYC OTB requires additional time to continue plan negotiations and continue the process of evaluating each of the remaining Leases to determine whether assumption or rejection would be in accordance with a plan for continued operations.

16. Second, NYC OTB's case is complex. As a municipality, NYC OTB must balance its responsibilities to the public with the need for an effective reorganization of its business operations. The demands of the chapter 9 case have consumed much of the time and energy of NYC OTB's management staff. This complexity is amplified by the number of Leases to be considered in an accelerated time period. As such, NYC OTB needs additional time to make a prudent determination of which Leases to assume or reject.

17. Third, the Leases represent primary components of NYC OTB's operations. All of NYC OTB's wagering operations are located on leased premises; thus, the decision to accept or reject each of these leases has a direct impact on NYC OTB's operating budget and bottom line. Additionally, NYC OTB's headquarters, warehouse, garage and telephone and internet wagering operations are located on leased premises. These locations represent the nerve center of current operations, and consequently, it is important that NYC OTB devote adequate time and attention to determine whether these Leases should be assumed or rejected.

18. Finally, despite the complexity of NYC OTB's case, NYC OTB is paying for its use of each of the properties it occupies under the Leases. NYC OTB has fulfilled its undisputed postpetition obligations under the each of the Leases in compliance with section 365(d)(3) of the Bankruptcy Code and intends to continue to remain current on these obligations.

19. Given the importance of the Leases to the continued operations of NYC OTB, the complexity of the case, the recent change in NYC OTB's leadership and the ongoing nature of plan negotiations, it is impractical for NYC OTB to make a prudent

decision as to whether to assume or reject each of the Leases before July 20, 2010. Prudence requires that NYC OTB devote adequate time and attention to determine whether these Leases should be assumed or rejected to support a plan of debt adjustment and continuation of operations. Accordingly, the proposed extension of the 120-day period for 90 days through and including October 18, 2010 is necessary and appropriate.

## **CONCLUSION**

WHEREFORE, NYC OTB respectfully requests that the Court enter an order in the form attached hereto as Exhibit A granting the extension of the time to assume or reject the Leases and granting such other and further relief as the Court deems just and proper.

Dated: June 16, 2010

                                        CRAVATH, SWAINE & MOORE LLP

                       By :   s/ Richard Levin
                                RICHARD LEVIN (RL 1651)
                                A member of the Firm

                                Worldwide Plaza
                                  825 Eighth Avenue
                                    New York, NY 10019
                                      (212) 474-1000

                                *Attorneys for Debtor New York City Off-Track Betting Corporation*