# BLEAKLEY PLATT

NEW YORK    CONNECTICUT

FREDERICK J. MARTIN
(914) 287-6110
FMARTIN@BPSLAW.COM

BLEAKLEY PLATT & SCHMIDT, LLP

ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601
914.949.2700
FAX: 914.683.6956
BPSLAW.COM

October 1, 2010

VIA ELECTRONIC MAIL: gail.pronti@racing.ny.gov
AND FIRST CLASS MAIL

Ms. Gail Pronti
Secretary to the Board
New York State Racing and Wagering Board
1 Broadway Center, Suite 600
Schenectady, New York 12305-2553

09-17121

Re: **Solicitation of Comments/When Statutory "Indirect Commission" Payments Are Required to be Made by Off-Track Betting Corporations Pursuant to the New York State Racing, Pari-Mutuel Wagering and Breeding Law**

Dear Ms. Pronti:

    I am submitting this response to your solicitation on behalf of our client, Yonkers Racing Corporation.

    Following the leadership of New York City Off-Track Betting Corporation ("NYC OTB"), all of the state's regional OTB's (with the possible exception of Western OTB), have tried to avoid their responsibilities to the harness tracks, such as Yonkers Raceway, for the payment of so called regional "indirect commissions." These indirect commissions are shared by Yonkers Racing Corporation with its Standardbred Owners Association, which represents the horsemen racing at Yonkers Raceway, through its purse account. Although, as the Court of Appeals has noted, the funds received from the OTBs are the property of the racetrack in the first instance. Approximately 50% thereof is earmarked by statute or contract for payment into the purse account for the benefit of winning horsemen as and when received by the track.

    Through a series of challenges to rulings of the Racing and Wagering Board, Article 78 proceedings and appeals, in a series of litigations (and ultimately, in the case of NYC OTB bankruptcy proceedings), the various OTBs have sought to stave off the inevitable. The Board and the judicial system have patiently listened to a series of legally insufficient excuses urged by the OTBs to avoid payment of the "indirect commissions." There are no further legal obstacles, other than perhaps NYC OTB's bankruptcy proceeding, standing in the way of payment. The time for payment of these obligations is now.

    It is respectfully submitted that this Board is entirely correct in taking jurisdiction of the current dispute, which is one of purely State law, as found by the United States District Court in the NYC OTB bankruptcy proceeding. The Board is, of course, uniquely qualified to do so. One of its clear responsibilities is to determine issues between its own licensees.

U.S. BANKRUPTCY COURT, SDNY

Although NYC OTB urges a ridiculous extended period of time to pay this obligation, and presumably all of the other OTBs will gather behind its skirts, the fact is that NYC OTB, through its bankruptcy court protection, has already avoided most of its obligation by its bankruptcy filing. However, in order to continue operations, it is obliged to pay ongoing accruing "indirect commissions" due in the regular course of its continuing business. The other OTBs are obligated to pay their entire "indirect commission" liabilities accruing since 2004. Modern day electronics would actually make it simple enough to pay current accruing obligations on a day to day basis, however, past practice in the industry has been to pay monthly, within thirty days. The OTBs have enjoyed this 'float" on other peoples' (the harness tracks' and horsemens') money under this generous arrangement. There is no reason why this should not be determined formally by the Board particularly when everyone at OTB still collect their paychecks regularly.

NYC OTB says that because the statute does not contain payment language, they think they can make the payments at their own convenience. This is silly. The statutes involved provide for payments between members of the industry so the legislature could reasonably have expected that the industry members could best regulate themselves. Statutes which provide for taxes, i.e., the State's share, are clearly regulated in the statute because the constitution requires it. The case cited by NYC OTB is thus inapposite. Implicit in every law is "reasonableness." The rule of "reasonableness" was once honored by these parties. Now the Racing and Wagering Board must order compliance.

Thank you for this opportunity to contribute Yonkers Racing Corporation's perspective on this question before the Board.

Very truly yours,

Frederick J. Martin

FJM:sm

cc: John D. Sabini, Chairman (via email: john.sabini@racing.ny.gov and First Class Mail)
Robert A. Feuerstein, Esq. (via email: robert.feuerstein@racing.ny.gov and First Class Mail)
Daniel D. Hogan, Member (via email: daniel.hogan@racing.ny.gov and First Class Mail)
Charles Diamond, Member (via email: charles.diamond@racing.ny.gov and First Class Mail)
Hon. Martin Glenn (via First Class Mail)
Marc H. Rosenbaum, New York City OTB (via First Class Mail)
Richard Levin, Esq., Cravath Swaine & Moore, LLP (via First Class Mail)
Marvin Newberg, Esq. (via First Class Mail)
Michael S. Fox, Esq., Olshan Grundman Frome (via First Class Mail)
Deborah Piazza, Esq., Hodgson Russ, LLP (via First Class Mail)
George Casale, Standardbred Owners Association (via First Class Mail)
Robert J. Galterio, Yonkers Racing Corp. (via email: rglaterio@yonkersraceway.com and First Class Mail)