Richard Levin (RL 1651)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Debtor New York City Off-Track Betting Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>NEW YORK CITY OFF-TRACK BETTING CORPORATION,<br><br>Debtor.[1] | Chapter 9<br><br>Case No. 09-17121 (MG) |

**MOTION FOR AN ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM, APPROVING THE FORM AND PROCEDURES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

New York City Off-Track Betting Corporation ("**NYC OTB**"), hereby moves this Court for an order (a) establishing the deadline for filing proofs of claim in accordance with Rules 2002, 3003 and 9008 of the Federal Rules of Bankruptcy Procedure, (b) approving the procedures for filing such claims, (c) approving the form and manner of notice thereof and (d) for related relief. In support of this Motion, NYC OTB respectfully represents as follows:

---

[1] NYC OTB's address is 1501 Broadway, New York, NY 10036. NYC OTB's tax identification number is 13-2664509.

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b). Venue is proper before this Court under 28 U.S.C. §§1408 and 1409.

2. The statutory predicates for the relief requested by this Motion are Rules 2002, 3003 and 9008 of the Federal Rules of Bankruptcy Procedure.

## RELIEF REQUESTED

3. In accordance with Rules 2002, 3003 and 9008 of the Federal Rules of Bankruptcy Procedure, NYC OTB seeks the entry of an order in the form attached hereto as Exhibit A:

   a) establishing December 21, 2010 at 5:00 P.M. (Eastern Time) as the deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim (each a "**Proof of Claim**") against NYC OTB (the "**Bar Date**");

   b) approving the proposed procedures for filing Proofs of Claim;

   c) approving the proposed procedures for notice of the Bar Date; and

   d) approving the form of notice annexed hereto as Annex A (the "**Bar Date Notice**").

## FACTUAL BACKGROUND

4. On December 3, 2009 (the "**Petition Date**"), NYC OTB filed a voluntary petition [Docket No. 1] for relief under chapter 9 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The factual background regarding NYC OTB, including the business operations, the capital and debt structure, and the events leading to the filing of the chapter 9 case, is set forth in detail in the Declaration of Robert J. Garry in Support of

the Chapter 9 Petition and the Statement of Qualifications [Docket No. 2], the Declaration of Raymond Casey in Support of the Chapter 9 Petition and the Statement of Qualifications [Docket No. 3] and in this Court's Opinion and Order Overruling Objections of New York Racing Association, Inc., New York Thoroughbred Horsemen's Association, Inc., and New York Thoroughbred Breeders, Inc. to Debtor's Bankruptcy Petition and Statement of Qualifications Under § 109(c) [Docket No. 63].

5. Concurrent with the filing of the chapter 9 petition, NYC OTB filed a List of Creditors Holding 20 Largest Unsecured Claims [Docket No. 4] in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure and a List of Creditors [Docket No. 5] in accordance with section 924 of the Bankruptcy Code and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York. The List of Creditors Holding 20 Largest Unsecured Claims indicated the nature and amount of each claim and whether each claim was contingent, unliquidated, disputed or subject to setoff. Rule 1007 does not require the filing of schedules of assets and liabilities in a chapter 9, so NYC OTB has not filed a schedule of claims, and no creditor's claim is therefore listed as undisputed, liquidated and noncontingent.

6. On March 22, 2010, this Court entered an order for relief (the "**Order for Relief**") [Docket No. 64] in the case.

7. Since the entry of the Order for Relief, NYC OTB has engaged in extensive negotiations with the New York State Legislature, the New York Governor, the Official Committee of Unsecured Creditors (the "Creditors' Committee") and other stakeholders to negotiate a plan of debt adjustment that can be confirmed in the chapter 9 case.

8. On October 15, 2010, the Creditors' Committee, without dissent, approved a term sheet that will serve as the basis for a consensual debt adjustment plan (the "Plan"). The term sheet requires consummation of the Plan by December 31, 2010. The Plan provides for a fixed dollar distribution to unsecured claimants.

## BASIS FOR RELIEF

**I. The Court Should Establish A Bar Date and Approve Related Forms, Procedures and Notice.**

A. <u>The Court Should Establish December 21, 2010 At 5:00 P.M. (Eastern Time) As The Bar Date</u>.

9. Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedures requires the court to fix the time within which proofs of claim or interest may be filed in a chapter 9 case. See Fed. R. Bankr. P. 3003(c)(3). General Order M-386, Second Amended Procedural Guidelines for Filing Requests for Bar Orders in the United States Bankruptcy Court for the Southern District of New York,[2] requires at least 35 days' notice by mail and 28 days' notice by publication of a bar date, plus seven days after the hearing on the motion seeking a bar date for processing of the bar date order. Based on a hearing date of November 9, 2010, NYC OTB believes that a bar date of December 21, 2010 at 5:00 p.m. (Eastern Time) complies with the General Order and provides creditors adequate time to file proofs of claim.

B. <u>The Court Should Approve The Proposed Procedures For Filing Proofs Of Claim.</u>

10. Rule 3003(c)(1) of Federal Rules of Bankruptcy Procedure allows any creditor or indenture trustee to file a proof of claim or interest within the time set by the

---

[2] Although General Order M-386 applies by its terms only to chapter 11 cases, NYC OTB believes it provides appropriate guidelines for use in a chapter 9 case.

4

Court. Fed. R. Bankr. P. 3003(c)(1). Rule 3003(c)(2) of Federal Rules of Bankruptcy Procedure provides that any creditor whose claim is not scheduled in the debtor's schedules or whose claim is scheduled as disputed, contingent or unliquidated must file a proof of claim within the time set by the court and that any creditor who fails to do so will not be treated as a creditor with respect to the claim for purposes of voting and distribution. Fed. R. Bankr. P. 3003(c)(2). Rule 3001 of the Federal Rules of Bankruptcy Procedure requires that a proof of claim conform to the appropriate Official Form, be executed by the creditor or the creditor's authorized agent and be filed with supporting documentation. Fed. R. Bankr. P. 3001.

11. In accordance with these requirements and the requirements of General Order M-386, NYC OTB proposes the following procedures for filing Proofs of Claim (the "**Filing Procedures**"):

a) A Proof of Claim must conform substantially to Official Bankruptcy Form No. 10.

b) Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) must file Proofs of Claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system.

c) Those without accounts to the CM/ECF system must file their proofs of claim by mailing, by overnight courier or by delivering by hand the original proof of claim and, if possible, a PDF copy of the proof of claim on CD-ROM or diskette, to the United States Bankruptcy Court, Southern District of New York, One Bowling Green Room 511 New York, NY 10004 Attn: New York City Off-Track Betting Corp., 09-17121.

d) A Proof of Claim sent by facsimile, telecopy, or electronic mail transmission <u>will not</u> be accepted.

e) A Proof of Claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court.

    f) A Proof of Claim must (i) be signed; (ii) include supporting documentation (or if voluminous, a summary) or an explanation as to why documetation is not available; (iii) be in the English language; and (iv) be denominated in United States currency.

    g) The following persons or entities need not file a Proof of Claim on or before the Bar Date: (i) any person or entity that has already filed a Proof of Claim against NYC OTB with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 10; (ii) any holder of a claim that heretofore has been allowed by an order of the Bankruptcy Court for the Southern District of New York; (iii) any person or entity whose claim has been paid in full by NYC OTB; and (iv) any holder of a claim allowable under section 503 of the Bankruptcy Code as an expense of administration.

12. For claims arising from the rejection of an executory contract or unexpired lease, NYC OTB proposes that any person or entity that holds such a claim, as to which the order approving such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order approving such rejection is dated after the date of entry of this Order, must file a proof of claim on or before the later of the Bar Date and the date that is <u>thirty days</u> following the entry of the order approving such rejection, or be forever barred from doing so.

13. To enforce the Bar Date Order, NYC OTB proposes that except as provided in paragraph 12 above, any holder of a claim that fails to file a Proof of Claim by the applicable Bar Date in accordance with the Filing Procedures should not be treated as a creditor with respect to such claim for the purposes of voting or distribution and should be forever barred, estopped and enjoined from asserting such a claim against NYC OTB.

14. NYC OTB believes that the Filing Procedures comply with the requirements of the Federal Rules of Bankruptcy Procedure and the Local Rules and General Orders of this Court and are appropriate to govern the filing of proofs of claim in NYC OTB's chapter 9 case. NYC OTB requests that the Court enter an order approving these procedures.

C. <u>The Court Should Approve The Proposed Form And Manner Of Notice Of The Bar Date.</u>

15. Rule 2002(a)(7) of the Federal Rules of Bankruptcy Procedure provides that the clerk or some other person as the court may direct must provide claimants at least 21 days notice by mail of the time fixed for filing proofs of claims. See Fed. R. Bankr. P. 2002(a)(7). This notice requirement protects claimants' Fifth Amendment due process rights. See <u>Mullane v. Central Hanover Bank and Trust</u>, 339 U.S. 306, 317 (1950). In identifying claimants to notify by mail, a debtor's review of its own books is a sufficiently diligent effort to ascertain all known creditors. See <u>In re XO Communications</u>, 301 B.R. 782, 793 (Bankr. S.D.N.Y. 2003) (quoting <u>Chemetron Corp. v. Jones</u>, 72 F.3d 341, 346 (3d Cir. 1995)) ("[t]he requisite search ... focuses on the debtor's own books and records. Efforts beyond a careful examination of these documents are generally not required.").

16. Courts have also determined that the Fifth Amendment requires a debtor to provide constructive notice to unknown creditors. Notice by publication satisfies this due process requirement. See <u>DePippo v. Kmart Corp.</u>, 335 B.R. 290, 296 (S.D.N.Y. 2005) ("It is well-settled that when a creditor is 'unknown' to the debtor, publication notice of the claims bar date is adequate constructive notice sufficient to satisfy due process requirements . . . ."). Rule 9008 of the Federal Rules of Bankruptcy Procedure

7

requires the court to determine the form and manner of notice by publication, including the medium to be used and the number of publications.  See Fed. R. Bankr. P. 9008.

17. NYC OTB desires to provide all creditors and other known holders of claims identified through a review of its books and records with 35 days' notice of the Bar Date by direct mail.  After a review of its books and records, NYC OTB proposes to cause the Bar Date Notice, a copy of this Court's order establishing the bar date and a Proof of Claim Form conforming substantially to Official Bankruptcy Form No. 10, to be sent by direct mail to:

a) All persons or entities identified on the List of Creditors [Docket No. 5];

b) All persons or entities that have requested notice of the proceedings in NYC OTB's chapter 9 case;

c) All persons or entities that have filed proofs of claim in NYC OTB's chapter 9 case;

d) All known creditors and other known holders of claims as of the date of this Order, not including all persons or entities listed on the List of Creditors [Docket No. 5];

e) Counsel to the Official Committee of Unsecured Creditors;

f) Any additional persons and entities as deemed appropriate by NYC OTB.

18. NYC OTB also proposes to publish the Notice of Bar Date, or notice substantially conforming thereto, in The New York Post at least once in sufficient time to provide unknown claimants with at least 28 days' constructive notice of the Bar Date.  The New York Post is particularly appropriate for publishing the Notice of Bar Date because it has historically reported news regarding NYC OTB.  See e.g., David Seifman, You bet OTB is hurting, N.Y. Post, Nov. 10, 2009.

19. NYC OTB requests that the Court approve these notice procedures as providing adequate notice to known and unknown creditors.

20. NYC OTB has previously advised counsel to the Official Committee of Unsecured Creditors of the relief requested in this Motion.

## **CONCLUSION**

WHEREFORE, NYC OTB respectfully requests that the Court enter an order in the form attached hereto as Exhibit A granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: October 22, 2010

                                                   CRAVATH, SWAINE & MOORE LLP

By :   s/ *Richard Levin*
       RICHARD LEVIN (RL 1651)
       A member of the Firm

       Worldwide Plaza
         825 Eighth Avenue
           New York, NY 10019
             (212) 474-1000

*Attorneys for Debtor New York City Off-Track Betting Corporation*