Richard Levin (RL 1651)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Debtor New York City Off-Track Betting Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>NEW YORK CITY OFF-TRACK BETTING CORPORATION,<br><br>Debtor.[1] | Chapter 9<br><br>Case No. 09-17121 (MG) |

**MOTION OF NEW YORK CITY OFF-TRACK BETTING CORPORATION FOR AN ORDER APPROVING THE DISCLOSURE STATEMENT, ESTABLISHING A RECORD DATE, APPROVING BALLOTS AND SOLICITATION PROCEDURES AND ESTABLISHING CONFIRMATION PROCEDURES**

New York City Off-Track Betting Corporation ("**NYC OTB**") hereby moves this Court for an order (a) approving the Disclosure Statement filed contemporaneously herewith, (b) establishing a record date, (c) approving the solicitation packages and solicitation procedures, (d) approving forms of ballots and procedures for tabulations of votes, (e) establishing confirmation procedures and (f) granting related relief.  In support of this Motion, NYC OTB respectfully represents as follows:

---

[1] NYC OTB's address is 1501 Broadway, New York, NY 10036.  NYC OTB's tax identification number is 13-2664509.

1

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested by this Motion are sections 1125 and 1128 of the Bankruptcy Code.

**RELIEF REQUESTED**

3. In accordance with sections 1125 and 1128 of the Bankruptcy Code, Rules 2002, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure, and Rules 3017-1 and 3020-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), NYC OTB seeks the entry of an order in the form attached hereto as Exhibit A (a) approving the Disclosure Statement filed contemporaneously herewith, (b) establishing a record date, (c) approving the solicitation packages and solicitation procedures, (d) approving forms of ballots and procedures for tabulations of votes, (e) establishing confirmation procedures and (f) granting related relief. Additionally, NYC OTB requests immediate entry of an order under Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure, in the form attached hereto as Exhibit B, reducing the notice period for the hearing on the Motion and setting the hearing on the Motion at 10:00 A.M. on November 30, 2010.

**FACTUAL BACKGROUND**

4. On December 3, 2009 (the "**Petition Date**"), NYC OTB filed a voluntary petition [Docket No. 1] for relief under chapter 9 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The factual background regarding NYC OTB, including the business operations, the capital and debt structure, and the events leading to the filing of

the chapter 9 case, is set forth in detail in the Declaration of Robert J. Garry in Support of the Chapter 9 Petition and the Statement of Qualifications [Docket No. 2], the Declaration of Raymond Casey in Support of the Chapter 9 Petition and the Statement of Qualifications [Docket No. 3] and in this Court's Opinion and Order Overruling Objections of New York Racing Association, Inc., New York Thoroughbred Horsemen's Association, Inc. and New York Thoroughbred Breeders, Inc. to Debtor's Bankruptcy Petition and Statement of Qualifications Under § 109(c) [Docket No. 63].

5. NYC OTB filed a List of Creditors [Docket No. 5] in accordance with section 924 of the Bankruptcy Code on the Petition Date.

6. On March 22, 2010, this Court entered an order for relief (the "**Order for Relief**") [Docket No. 64] in the case.

7. On October 22, 2010, NYC OTB filed a motion to establish December 21, 2010 at 5:00 P.M. (Eastern Time) as the deadline for filing proofs of claim (the "**Bar Date**") in the chapter 9 case. The hearing on that motion is scheduled for November 9, 2010.

8. Since the entry of the Order for Relief, NYC OTB has engaged in negotiations with the Official Committee of Unsecured Creditors (the "**Creditors' Committee**"), representatives of the New York State Legislature and the Governor and other stakeholders to negotiate a consensual plan of debt adjustment that can be confirmed in the chapter 9 case.

9. Contemporaneously herewith, NYC OTB filed a Plan for Adjustment of Debts, dated November 5, 2009 (the "**Plan**") and a proposed disclosure statement (the "**Disclosure Statement**").

10. On November 4, 2010, the Creditors' Committee agreed to support the Plan.

11. One of the Plan's conditions to the consummation is that the effective date occur by January 31, 2011.

**BASIS FOR RELIEF**

**I.  The Court Should Approve The Disclosure Statement Because It Contains Adequate Information.**

A.  A Disclosure Statement Must Provide Adequate Information.

12. According to section 1125(b) of the Bankruptcy Code, a chapter 9 debtor may not solicit acceptance of a proposed plan of debt adjustment unless the debtor transmits the plan to eligible holders of claims with a written disclosure statement approved by the court as containing adequate information. Adequate information is defined in section 1125(a)(1) of the Bankruptcy Code as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . .

11 U.S.C. 1125(a)(1).

13. The determination of whether a disclosure statement contains adequate information is made on a case-by-case basis and is largely in the discretion of the court. See H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 409 (1977) ("what constitutes adequate information in any particular instance will develop on a case-by-case basis . . . courts [should] take a practical approach as to what is necessary under the circumstances of each case . . . ."). Accordingly, this flexible standard permits the court to consider "the

complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information." 11 U.S.C. 1125(a)(1). Ultimately, a disclosure statement contains adequate information if a court determines that under the circumstances, the information is adequate to enable a reasonable creditor to make an informed judgment about the plan.

14. To this end, in chapter 11 cases, courts typically examine whether a disclosure statement contains the following types of information:

- a) The circumstances that gave rise to the filing of the bankruptcy petition;
- b) A complete description of the available assets and their value;
- c) The anticipated future of the debtor, with accompanying financial projections;
- d) The source of the information provided in the disclosure statement;
- e) The condition and performance of the debtor while in chapter 11;
- f) Information regarding claims against the debtor, including those allowed, disputed, and estimated;
- g) A liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;
- h) The accounting and valuation methods used to produce the financial information in the disclosure statement;
- i) Information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors, and/or officers of the debtor;
- j) A summary of the plan of reorganization;
- k) An estimate of all administrative expenses, including attorneys' fees and accountants' fees;
- l) The collectibility of any accounts receivable;
- m) Any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;
- n) Information relevant to the risks being taken by the creditors and interest holders;

5

    o)    The actual or projected value that can be obtained from avoidable transfers;

    p)    The existence, likelihood and possible success of nonbankruptcy litigation;

    q)    The tax consequences of the plan; and

    r)    The relationship of the debtor with affiliates.

See e.g., In re Ferretti 128 B.R. 16, 18 (Bankr. D.N.H. 1991). A debtor need not provide all of the different types of information listed above, but only what is determined to be appropriate to "clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." Id. at 19.

B.    <u>The Disclosure Statement Contains Adequate Information.</u>

15.    NYC OTB believes that the Disclosure Statement provides holders of impaired claims that are entitled to accept or reject the Plan with adequate information to make an informed judgment about the Plan. The Disclosure Statement does not include information that would not be relevant to NYC OTB's chapter 9 case, such as a liquidation analysis or a discussion of NYC OTB's relationships with affiliates. Instead, the Disclosure Statement provides: (a) the history of the NYC OTB and a summary of the circumstances giving rise to NYC OTB's chapter 9 petition, (b) a description of NYC OTB's assets and their value, (c) a description of NYC OTB's operations and governance, (d) information regarding claims against NYC OTB, (e) a summary of the Plan, (f) an estimate of all administrative expenses, (g) financial information, valuations and pro forma projections, (h) information regarding executory contracts to be rejected under the Plan, (i) information regarding executory contracts to be assumed under the Plan and the cure of monetary defaults under such executory contracts, (j) a description

of the risks of the Plan, (k) a discussion of alternatives to the Plan, and (l) a description of the tax consequences of the Plan. Accordingly, the Disclosure Statement fulfills the requirements of section 1125(a) of the Bankruptcy Code by providing the type of information a reasonable creditor would require to make an informed judgment about the Plan. Accordingly, the Disclosure Statement should be approved as containing adequate information about the Plan and should be approved.

## II. The Court Should Establish The Date Of The Court's Order Approving The Disclosure Statement As The Record Date.

16. Rule 3017(a) of the Federal Rules of Bankruptcy Procedure provides that "creditors and equity security holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(a). Accordingly, the Court may set the date (the "**Record Date**") for purposes of determining the creditors and equity interest holders entitled to accept or reject a plan.

17. NYC OTB intends to transmit solicitation materials to holders of record of claims within five days after entry of the order approving the Disclosure Statement. Accordingly, NYC OTB requests that the Bankruptcy Court establish the date of the entry of the order approving the Disclosure Statement as the Record Date. Further, NYC OTB requests that the record holders of claims be determined based upon the records of NYC OTB as of the Record Date.

### III.    The Court Should Approve The Proposed Forms Of Ballots.

18.    Rule 3017(d)(4) of the Federal Rules of Bankruptcy Procedure requires a plan proponent to mail a form of ballot conforming to the appropriate Official Form to creditors and equity security holders entitled to accept or reject the plan.  See Fed. R. Bankr. P. 3017(d)(4).  NYC OTB proposes to distribute ballots (the "**Ballots**") substantially in the forms attached hereto as Annex A to the creditors in impaired classes under the Plan:  Class 2, New York State Statutory Claims; Class 3, New York Racing Industry Claims; and Class 6, General Unsecured Claims.  Each of the Ballots conforms to Official Form 14 and has been modified to address the release language in Article V, Section K of the Plan.  Accordingly, each Ballot advises creditors in bold and capitalized print that creditors who accept the Plan will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged each Exculpated Party from any and all Claims that were not the result of gross negligence, fraud, willful misconduct or criminal conduct by the Exculpated Party.  Upon the foregoing bases, NYC OTB requests that the Court approve the Ballots as acceptable in form.

### IV.    The Court Should Approve The Proposed Solicitation Package And The Proposed Procedures For Distribution Of The Solicitation Package.

19.    Rule 3017(d) of the Federal Rules of Bankruptcy Procedure provides that after the court has approved the disclosure statement, the plan proponent must mail to all creditors and equity security holders:

> (1) the plan or a court-approved summary of the plan; (2) the disclosure statement approved by the court; (3) notice of the time within which acceptances and rejections of the plan may be filed; and (4) any other information as the court may direct . . . .

20. Section 1126(f) of the Bankruptcy Code provides that a holders of claims or interests in classes that are not impaired under a plan are conclusively presumed to have accepted the plan and "solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required." 11 U.S.C. 1126(f).

21. Upon the Court's approval of the Disclosure Statement, NYC OTB proposes to distribute or cause to be distributed solicitation packages (the "**Solicitation Packages**") to holders of record of claims in the impaired classes under the plan: Class 2, New York State Statutory Claims; Class 3, New or Racing Industry Claims; and Class 6, General Unsecured Claims. The Solicitation Packages will contain:

    a) the Plan in electronic format on a CD-ROM[2];
    b) the Disclosure Statement in electronic format on a CD-ROM;
    c) the order approving the Disclosure Statement and solicitation procedures (the "**Disclosure Statement Order**") without exhibits in electronic format on a CD-ROM;
    d) the notice of the hearing at which confirmation of the Plan will be considered (the "**Confirmation Hearing Notice**");
    e) a class-appropriate Ballot or Ballots; and
    f) a letter from the Creditors' Committee supporting confirmation of the Plan on a CD-ROM.

22. NYC OTB proposes to distribute the Solicitation Packages within five days after entry of the Disclosure Statement Order to each creditor in an impaired class that has filed a proof of claim that has not been disallowed, expunged or satisfied in full. Additionally, based on NYC OTB's records, within five days after entry of the Disclosure Statement Order, NYC OTB proposes distribute the Solicitation Packages to

---

[2] To reduce the administrative costs associated with printing and mailing, NYC OTB proposes to serve the Disclosure Statement, Plan, the letter from the Creditors' Committee and the Disclosure Statement Order using CD-ROM format instead of printed documents. NYC OTB will provide parties-in-interest a hard copy of the Disclosure Statement and Plan upon written request.

all known creditors in impaired classes, including creditors listed on the List of Creditors [Docket No. 5], creditors that have filed and served a request for notice in the chapter 9 case and to such other entities as NYC OTB may determine.  In accordance with section 1126(f) of the Bankruptcy Code, Solicitation Packages without a Ballot or Ballots will be distributed to record holders of claims against NYC OTB in classes that are unimpaired under the Plan and to such other entities as NYC OTB may determine.  NYC OTB intends to complete distribution of the Solicitation Packages no fewer than 28 calendar days before the voting deadline.  NYC OTB requests that the Court approve the Solicitation Packages and the procedures for their distribution.

**V.     The Court Should Establish A Voting Deadline And Approve The Proposed Procedures For Tabulation Of Votes.**

A.     <u>The Court Should Establish January 6, 2011 As The Voting Deadline.</u>

23.     Rule 3017(c) of the Federal Rules of Bankruptcy Procedure provides that "on or before the approval of the disclosure statement, the court shall fix a time within which the holders of claims and interest may accept or reject the Plan . . . ."  NYC OTB intends to begin distribution of the Solicitation Packages within five days of the Record Date (not later than December 6, 2010) and so proposes a voting deadline 31 days later, so that to be counted, a Ballot must be properly executed, completed and returned no later than 5:00 P.M. (EST) on January 6, 2011 (the "**Voting Deadline**").  NYC OTB believes that the Voting Deadline provides sufficient time for creditors to make an informed decision to accept or reject the Plan.  Accordingly, NYC OTB requests that the Court establish the Voting Deadline.

B.     <u>The Court Should Approve NYC OTB's Procedures For Tabulation Of Votes.</u>

24.     NYC OTB proposes the following procedures for tabulation of votes accepting or rejecting the Plan:

    a)     All votes to accept or reject the Plan must be cast using the appropriate Ballot in accordance with the voting instructions set forth on the Ballot, and votes that are cast in any other manner shall not be counted;

    b)     Any Ballot that is returned unsigned or containing a non-original signature will not be counted;

    c)     If a claim is partially liquidated and partially unliquidated, the holder of such claim is allowed only the liquidated amount for voting purposes;

    d)     A holder of claims in more than one class must use a separate Ballot for each class of claims;

    e)     A holder of a claim will be deemed to have voted the full amount of its claim in each class and will not be entitled to split its vote within a particular class;

    f)     Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by casting a superseding Ballot so that it is received on or before such deadline;

    g)     If a holder of a claim casts more than one Ballot voting the same claim before the Voting Deadline, only the last Ballot timely received by NYC OTB will be counted;

    h)     If NYC OTB receives more than one Ballot cast by a holder of a claim on the same day, but which are voted inconsistently, such Ballots will be deemed to constitute an acceptance of the Plan;

    i)     Any executed Ballot timely received by NYC OTB that does not indicate either an acceptance or rejection of the Plan will be deemed to constitute an acceptance of the Plan;

    j)     Any executed Ballot received by NYC OTB that indicates both acceptance and rejection of the Plan will be deemed to constitute an acceptance of the Plan;

    k)     NYC OTB will not accept any Ballot that (i) is illegible or contains insufficient information to permit identification of the claimant, (ii) is cast by a person or entity that does not hold a claim in an

impaired class or (iii) is transmitted to NYC OTB by facsimile, telecopy transmission or electronic mail; and

l)  NYC OTB will not have any duty to provide notification of defects or irregularities in received Ballots and will not incur any liability for failure to provide such notification.

25.  NYC OTB believes that the foregoing procedures provide for a fair and equitable voting process. Accordingly, the Court should approve the vote tabulation procedures.

## VI.  The Court Should Establish The Date For The Confirmation Hearing And Approve The Proposed Procedures For Notice Of The Confirmation Hearing.

A.  The Court Should Establish 10:00 A.M. (EST) On January 19, 2011 As The Date For The Confirmation Hearing.

26.  Section 1128 of the Bankruptcy Code provides that the Court shall hold a hearing on the confirmation of a Plan and that a party in interest may object to the Plan's confirmation. See 11 U.S.C. 1128. Rule 3017(c) of the Federal Rules of Bankruptcy Procedure provides that "on or before the approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c). In accordance with Rule 3017(c) of the Federal Rules of Bankruptcy Procedure, NYC OTB requests that the Court set 10:00 A.M. (EST) on January 19, 2011 as the date for a hearing on confirmation of the Plan (the "**Confirmation Hearing**"), subject to the Court's availability. NYC OTB requests that the Court allow the Confirmation Hearing to be adjourned from time to time by the Court or NYC OTB without further notice other than an announcement in open court. The proposed timing of the Confirmation Hearing is in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and will enable NYC OTB to pursue confirmation of the Plan in a timely fashion.

Accordingly, NYC OTB requests that the Court establish 10:00 A.M. (EST) on January 19, 2011 as the date of the Confirmation Hearing.

B. <u>The Court Should Approve The Proposed Procedures For Notice Of The Confirmation Hearing.</u>

27. Rule 3017(d) of the Federal Rules of Bankruptcy Procedure requires that notice of the time fixed for filing objections and the hearing on confirmation be mailed to all creditors and equity security holders. <u>See</u> Fed. R. Bankr. P. 3017(d). Rule 2002(b) of the Federal Rules of Bankruptcy Procedure requires such notice to be mailed not less than 28 days in advance of the time fixed for filing objections and the hearing to consider confirmation of a chapter 9 plan, plus three days for service by mail. <u>See</u> Fed. R. Bankr. P. 2002(b), 9006(f). Rule 2002(*l*) of the Federal Rules of Bankruptcy Procedure permits the court to order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice. Fed. R. Bankr. P. 2002(*l*).

28. In accordance with Rules 2002(b) and 3017(d) of the Federal Rules of Bankruptcy Procedure, NYC OTB proposes to provide all creditors a copy of the Confirmation Hearing Notice substantially in the form attached hereto as Annex B. The Confirmation Hearing Notice provides (i) the date of approval of the Disclosure Statement, (ii) the Record Date, (iii) the Voting Deadline, (iv) the time fixed for filing objections to confirmation of the Plan and (v) the time, date and location of the Confirmation Hearing. The Confirmation Hearing Notice will be provided to creditors in the Solicitation Packages. NYC OTB requests that the Court approve the form of Confirmation Hearing Notice.

29. Additionally, NYC OTB proposes to publish the Confirmation Hearing Notice, or notice substantially conforming thereto, once, not less than 28 days before the

13

deadline to file objections to confirmation of the Plan in The New York Post. The New York Post is particularly appropriate for publishing the Confirmation Hearing Notice because it has historically reported news regarding NYC OTB. See, e.g., David Seifman, You bet OTB is hurting, N.Y. POST, NOV. 10, 2009. NYC OTB believes that publication of the Confirmation Hearing Notice will provide sufficient notice to all eligible persons that may not otherwise receive notice by mail. On the forgoing bases, the Court should approve NYC OTB's proposed procedures for providing notice of the Confirmation Hearing.

**VII. The Court Should Establish The Date For Objections To Confirmation And Approve The Procedures For Filing Objections To Confirmation Of The Plan.**

A. The Court Should Establish January 12, 2011, No Later Than 5:00 P.M. (EST) As The Deadline By Which Any Objections To Confirmation Of The Plan Must Be Filed.

30. Rule 3020(b)(1) of the Federal Rules of Bankruptcy Procedure requires that objections to confirmation of a plan should be filed and served within a time fixed by the Court. See Fed. R. Bankr. P. 3020(b)(1). To afford NYC OTB sufficient time to consider any objections to confirmation of the Plan, NYC OTB requests that the Court establish January 12, 2011, no later than 5:00 P.M. (EST) (the "**Objection Deadline**") as the deadline by which any objections to confirmation of the Plan must be filed and served. The Objection Deadline permits creditors sufficient time to submit objections and complies with the requirements of the Federal Rules of Bankruptcy Procedure. Accordingly, the Court should approve the Objection Deadline.

B.  The Court Should Approve The Procedures For Filing Objections To Confirmation Of The Plan.

31. Rule 3020(b)(1) of the Federal Rules of Bankruptcy Procedure requires that objections to confirmation of a plan should be filed and served on the debtor, any committee appointed in the case and any other entity designated by the court. See Fed. R. Bankr. P. 3020(b)(1). In accordance with Rule 3020(b)(1) of the Federal Rules of Bankruptcy Procedure, NYC OTB requests that the Court approve the procedures concerning objections to confirmation of the Plan provided on the Confirmation Hearing Notice. The procedures outlined on the Confirmation Hearing Notice are substantially as follows:

a)  Any objection to the Plan must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, must set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, must be filed with the Office of the Clerk of the Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest no later than the Objection Deadline and served upon counsel for NYC OTB, Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019, Attn: Richard Levin and upon counsel for the Official Committee of Unsecured Creditors, Blank Rome LLP, The Chrysler Building, 405 Lexington Avenue, New York, NY 10174, Attn: Marc E. Richards & Andrew B. Eckstein so as to be received by the Objection Deadline; and

b)  Any party to an executory contract or unexpired lease with NYC OTB that NYC OTB will assume under the Plan who asserts a right to a cure amount other than current payments owing under the contract or lease in the ordinary course of business must file proof of such cure amount claim with the Office of the Clerk of the Court no later than the Objection Deadline and serve it upon counsel for NYC OTB, Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019, Attn: Richard Levin and upon counsel for the Official Committee of Unsecured Creditors, Blank Rome LLP, The Chrysler Building, 405 Lexington Avenue, New York, NY 10174, Attn: Marc E.

Richards & Andrew B. Eckstein so as to be received by the Objection Deadline.

32. The foregoing procedures are in accordance with the requirements of the Federal Rules of Bankruptcy Procedure and will enable NYC OTB to appropriately consider and respond to any objections to confirmation of the Plan. Accordingly, the Court should approve these procedures.

### VIII. Request For an Order Reducing the Notice Period and Establishing the Hearing Date.

33. Rule 2002(b)(1) of the Federal Rules of Bankruptcy Procedure requires that creditors receive 28 days notice by mail of the time fixed for filing objections and of the hearing to consider approval of a disclosure statement. See Fed. R. Bankr. P. 2002(b)(1). Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure authorizes the court, for cause shown, to reduce the notice period. See Fed. R. Bankr. P. 9006(c)(1).

34. NYC OTB seeks to consummate the Plan by January 31, 2011, as agreed with the Creditors' Committee. If the Court orders a reduction in the notice period with regard to this Motion and establishes November 30, 2010 at 10:00 A.M (EST) as the hearing date and time for consideration of the Motion, NYC OTB would be in a better position to fulfill this agreement. Moreover, all parties receiving notice would retain adequate time to review and respond to the Motion. As such, NYC OTB believes that cause exists to reduce the notice period and establish November 30, 2010 at 10:00 A.M (EST) as the hearing date and time for consideration of the Motion.

35. Accordingly, NYC OTB requests that this Court immediately enter an order establishing November 30, 2010 at 10:00 A.M. (EST) as the hearing date and time for this Motion and reducing the notice period required by Rule 2002(b)(1) of the Federal

Rules of Bankruptcy Procedure in accordance with this Court's power under Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure.

**IX.  Request For Waiver Of Memorandum Of Law Requirement.**

36.   This Motion does not raise any novel issues of law, includes citations to relevant authorities and is procedural in nature.  Accordingly, NYC OTB requests that the Court waive the requirement of Local Rule 9013-1(a) that NYC OTB file a separate memorandum of points and authorities with this Motion.

**CONCLUSION**

**WHEREFORE**, NYC OTB respectfully requests that the Court enter an order in the form attached hereto as Exhibit A granting the relief requested herein.

Dated:  November 5, 2010

                                    CRAVATH, SWAINE & MOORE LLP

By :   *s/ Richard Levin*
        RICHARD LEVIN (RL 1651)
        A member of the Firm

        Worldwide Plaza
          825 Eighth Avenue
            New York, NY 10019
              (212) 474-1000

*Attorneys for Debtor New York City Off-Track Betting Corporation*