CONNELL FOLEY LLP
Stephen V. Falanga
888 Seventh Avenue
New York, New York
(973) 535-0500
Attorneys for Catskill Regional Off-Track Betting, Corp.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**New York City Off-Track Betting Corp.**,<br><br>Debtor. | Bankr. Case No. 09-17121(MG)<br><br>Chapter 9 |

### OBJECTION OF CATSKILL OFF-TRACK BETTING CORP. TO THE DISCLOSURE STATEMENT FOR THE DEBTOR'S CHAPTER 9 PLAN OF ADJUSTMENT

Catskill Regional Off-Track Betting Corp. ("Catskill OTB"), by and through its attorneys, Connell Foley LLP, hereby submits this objection to the Disclosure Statement filed by the Debtor on November 5, 2010 (Docket No. 194) pursuant to the Court's November 8, 2010 Order (Docket No. 196). In support of its Objection, Catskill OTB respectfully represents the following:

**BACKGROUND**

1. On December 3, 2009, the Debtor filed a voluntary petition for relief under Chapter 9 of Title 11 of the United States Code (the "Bankruptcy Code" or "Code").

2. On November 5, 2010, the Debtor filed a proposed Chapter 9 plan of adjustment ("Plan") (Docket No. 193), accompanied by the Disclosure Statement (Docket No. 194) and a Motion to approve the Disclosure Statement (Docket No. 195).

3. The Debtor and Catskill OTB operate Off-Track Betting ("OTB") facilities in the State of New York pursuant to Articles V-VI of the New York Racing, Pari-Mutuel Wagering and Breeding Law.

4. OTB corporations are public benefit corporations that conduct off-track pari-mutuel wagering on horse races and share a percentage of their revenues with the governments of the counties in which they operate.

5. Catskill OTB operates approximately thirty (30) OTB branch offices distributed throughout the counties of Broome, Chemung, Chenango, Delaware, Dutchess, Orange, Putnam, Rockland, Sullivan, Tioga, Tompkins, Ulster and Westchester. Catskill OTB is one of the New York OTB corporations that consistently operates at a profit.

6. Catskill OTB holds an unsecured claim against the Debtor and is listed on the Debtor's List of Creditors filed on December 3, 2009 (Docket No. 5.)

**I. The Disclosure Statement does not Contain Adequate Information as required by Section 1125 of the Bankruptcy Code.**

7. The Disclosure Statement does not contain adequate information that would enable creditors and other parties in interest to make an informed judgment about the Plan.

**A. The Debtor Fails to Disclose the Value it Places on Its Assets.**

8. Most importantly, the Debtor has not provided its creditors with an estimated value of its assets and, in particular, the value of its Account Deposit Wagering business ("ADW"), (Discl. St. at 21), that the Debtor proposes to transfer to a self-preferred class of unsecured creditors identified in Class 3 of the Plan in full satisfaction of such claims.[1] (Discl. St. at 25.)

9. Catskill is aware from reports in the media that an alleged "Confidential" document or term sheet (the "Term Sheet") has been prepared that purportedly sets forth the terms and conditions of the Plan and the Debtor's belief as to the valuation of assets to be transferred as part of the Plan.

---

[1] Catskill does not believe the Plan as currently contemplated by the Debtor is confirmable as a matter of law. For example, the Plan would violate Section 1123(a)(4) of the Bankruptcy Code by attempting to provide different treatment to similarly situated creditors by placing them in separate classes. Catskill

This Term Sheet has clearly been shared outside of the Debtor and the Committee, including with Government officials who have apparently provided it to the media. However, despite Catskill's prior requests of the Debtor and the Committee, the Term Sheet will not be provided to Catskill.

10. Valuation of the ADW assets is critical to a proper consideration of the Plan as the Debtor proposes to transfer the ADW assets to a preferred group of creditors in satisfaction of their claims while apparently intending to treat similarly situated creditors far less favorably.

11. Moreover, Catskill submits that in addition to a requirement that the Disclosure Statement specifically disclose what the Debtor believes the value of the assets to be transferred is, the Court should, in connection with any hearing on confirmation or before, hold a hearing on the sale of the ADW assets and permit the submission of higher and better offers for the ADW assets from other parties, such as Catskill. This would serve to establish the actual value of the ADW assets to be transferred.

12. Thus, absent information in the Disclosure Statement of the value of the assets to be transferred or otherwise

---

reserves all its rights as to the objections to confirmation of the Plan.

conveyed under the Plan, the Disclosure Statement is not adequate for solicitation purposes and should not be approved.

**B. The Debtor Fails to Clearly Identify Which Creditors It Proposes for Preferred Treatment in Class 3**

13. Under the Debtor's current classification scheme, Catskill OTB is not able to determine whether its claim is properly classified as a Class 3 claim or a Class 6 claim, or for that matter, which creditors of the Debtor will ultimately qualify for the preferred treatment of Class 3 creditors.

14. On the one hand, the Plan and Disclosure Statement provide that Class 3 "consists of each Allowed Claim against the Debtor that arose on or before the Effective Date and that is prescribed by statute or rule or regulations or contract based on, or is otherwise determined by reference to, the Handle or any wagers, winnings, betting surcharge or the like . . . including any Pari-mutuel Pool Obligations." (Discl. St. at 23-24.) On the other hand, it appears that Class 3 claims are only held by "New York Track[s]." (Discl. St. at 23-24.)

15. The definition of New York Track is also ambiguous. New York Track is defined in the Plan as: "Yonkers Racing Corporation, Empire Resorts, Inc., Monticello Raceway Management, Inc. and Monticello Raceway, Finger Lakes Racing Association, Inc., Delaware North Companies, Delaware North

Companies Gamine & Entertainment, Inc., Vernon Downs and Tioga Downs and NYRA." (Plan of Adj. at 4.)

16. However, in the provision of the Disclosure Statement that explains treatment of Class 6 Pari-mutuel Pool Obligations to out-of-state tracks, the Debtor includes out-of-state OTBs within the ambit of out-of-state tracks. (Discl. St. at 25) ("From the pool for each race, the operators (**the track and the off-track betting locations**) may withhold a predetermined portion for their own fees associated with the wagers and would remit to . . . the other operators an amount to pay the expenses . . . to which the operator is entitled and the holders of winning tickets.").

17. Accordingly, it is unclear whether the Debtor intends to include in the definition of New York Tracks in-state off-track betting locations such as Catskill and the other regional OTBs.

18. Absent such proper clarification, the Disclosure Statements is not adequate and should not be approved.

### RESERVATION OF RIGHTS

19. Nothing herein shall be construed as a waiver by Catskill OTB of any rights, claims or interests it may have relating to its business relationship with the Debtor, all such rights, claims and interests being expressly reserved by Catskill OTB. Catskill OTB hereby reserves its rights to

amend, modify and/or supplement this Objection. Should any or all of the grounds for Catskill OTB's Objection stated herein be dismissed or overruled, Catskill OTB reserves the right to object on any other grounds.

**WHEREFORE**, Catskill OTB respectfully requests that, to the extent the Court enters a Order approving the adequacy of the Debtors' Disclosure Statement, that prior to the entry of such Order the Debtors' Disclosure Statement be appropriately modified to reflect the objections contained herein.

                                    CONNELL FOLEY LLP
                                    Attorneys for Catskill Regional
                                    Off-Track Betting Corp.

                                    By: */s/ Stephen V. Falanga*
                                    Stephen V. Falanga

Dated: November 23, 2010