Richard Levin (RL 1651)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone:    (212) 474-1000
Facsimile:    (212) 474-3700

*Attorneys for Debtor New York City Off-Track Betting Corporation*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>NEW YORK CITY OFF-TRACK BETTING CORPORATION,<br><br>Debtor.[1] | Chapter 9<br><br>Case No. 09-17121 (MG) |

### MOTION OF NEW YORK CITY OFF-TRACK BETTING CORPORATION TO DISMISS CHAPTER 9 CASE

New York City Off-Track Betting Corporation ("**NYC OTB**"), hereby moves this Court for an order (the "**Order**") (a) dismissing this case in accordance with sections 923 and 930 of the Bankruptcy Code, and Rules 1017 and 2002 of the Federal Rules of Bankruptcy Procedure and (b) approving the proposed form of publication notice of dismissal of the case attached hereto as Annex A (the "**Notice**") and dispensing with further notice of dismissal.  In support of this Motion, NYC OTB respectfully represents as follows:

---

[1] NYC OTB's address is 1501 Broadway, New York, NY 10036.  NYC OTB's tax identification number is 13-2664509.

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b). Venue is proper before this Court under 28 U.S.C. §§1408 and 1409.

2. The statutory predicates for the relief requested by this Motion are sections 923 and 930 of the Bankruptcy Code and Rules 1017 and 2002 of the Federal Rule of Bankruptcy Procedure.

## RELIEF REQUESTED

3. In accordance with sections 923 and 930 of the Bankruptcy Code and Rules 1017 and 2002 of the Federal Rules of Bankruptcy Procedure, NYC OTB seeks the entry of an order in the form attached hereto as Annex C (a) dismissing NYC OTB's chapter 9 case and (b) approving the proposed form of notice of dismissal of the case and dispensing with further notice of the dismissal.

## FACTUAL BACKGROUND

4. On December 3, 2009 (the "**Petition Date**"), NYC OTB filed a voluntary petition [Docket No. 1] for relief under chapter 9 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The factual background regarding NYC OTB, including the business operations, the capital and debt structure, and the events leading to the filing of the chapter 9 case, is set forth in detail in this Court's Opinion and Order Overruling Objections of New York Racing Association, Inc., New York Thoroughbred Horsemen's Association, Inc., and New York Thoroughbred Breeders, Inc. to Debtor's Bankruptcy Petition and Statement of Qualifications Under § 109(c) [Docket No. 63].

5. On March 22, 2010, this Court entered an order for relief (the "**Order for Relief**") [Docket No. 64] in the case.

6. NYC OTB filed a List of Creditors [Docket No. 5] in accordance with section 924 of the Bankruptcy Code on the Petition Date.

7. On November 5, 2010, NYC OTB filed its Debt Adjustment Plan [Docket No. 193] and a Disclosure Statement [Docket No. 194] and its Motion for an Order Approving the Disclosure Statement, Establishing A Record Date, Approving Ballots And Solicitation Procedures And Establishing Confirmation Procedures [Docket No. 195].

8. On November 29, 2010, NYC OTB filed its First Amended Debt Adjustment Plan [Docket No. 220] and a revised Disclosure Statement [Docket No. 221]. On November 30, 2010, NYC OTB filed its Second Amended Debt Adjustment Plan [Docket No. 231] (the "**Plan**") and a further revised Disclosure Statement [Docket No. 232] (the "**Disclosure Statement**").

9. In the Plan and Disclosure Statement, NYC OTB represented that it believed that it would not be able to operate without continuing losses unless proposed legislation in the form described in Exhibit A to the Plan (the "**Plan Legislation**") was enacted and the Plan was confirmed and became effective.

10. On December 1, 2010, this Court entered an Order Approving Disclosure Statement, Establishing A Record Date, Approving Ballots And Solicitation Procedures And Establishing Confirmation Procedures [Docket No. 235] (the "**Approval Order**").

11. Although the New York State Assembly passed a bill on November 30, 2010 that was substantially similar to the Plan Legislation, the New York State Senate did not pass the bill and adjourned sine die.

12. Citing insufficient cash balances to support continued operations through December 2010 without positive legislative action, NYC OTB's board of directors adopted a resolution approving a plan to implement closure of NYC OTB as of close of business on Tuesday, December 3, 2010.

13. On December 3, 2010, NYC OTB's board of directors voted to authorize NYC OTB to continue operations through midnight on Tuesday, December 7, 2010 to allow the New York State Senate the opportunity to vote the Legislation before NYC OTB ceased operations.

14. In light of the New York State Senate's failure to pass favorable legislation on Tuesday, December 7, 2010, NYC OTB ceased substantial operations as of the close of business on December 7, 2010.

15. NYC OTB intends complete the closure process and does not intend to pursue confirmation of a plan of debt adjustment.

## BASIS FOR RELIEF

**I. The Court Should Dismiss NYC OTB's Chapter 9 Case.**

A. <u>A Chapter 9 Debtor's Request to Dismiss Is Sufficient Cause for Dismissal</u>.

16. Section 930 of the Bankruptcy Code allows the court to dismiss a case under chapter 9 "for cause". <u>See</u> 11 U.S.C. § 930. Section 930 of the Bankruptcy Code specifies a nonexhaustive list of examples of "cause" including unreasonable delay, the failure to propose a plan or the non-acceptance of a plan. The court is not limited to these

examples and "retains the general equitable power to dismiss for such cause as determined, in the sound exercise of its discretion, to warrant dismissal." 6 Collier on Bankruptcy ¶ 930.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). A chapter 9 debtor's request for dismissal is sufficient "cause" to warrant dismissal, and an evidentiary showing in support of the request is not necessary. See In re Richmond Unified Sch. Dist., 133 B.R. 221, 224 (Bankr. N.D. Cal. 1991) ("Prior to confirmation . . . a Chapter 9 debtor's request for dismissal is "cause" for dismissal and . . . [the debtor] is entitled to an order of dismissal without necessity of an evidentiary hearing showing that dismissal would be in the best interest of creditors."). No legal prejudice results from dismissal of the case on this basis as creditors and other parties in interest retain their rights under applicable nonbankruptcy law. Furthermore, because no other party than the debtor may propose a plan in a chapter 9 case, "precious little would be served by the continuation of a case that the debtor wishes dismissed before a plan has been confirmed." Id. at 225.

    B. <u>The Court Should Dismiss NYC OTB's Case Based on NYC OTB's Request.</u>

    17. NYC OTB intends to complete closure and cessation of operations and has concluded all efforts to seek confirmation of a plan of debt adjustment. Because no other party may propose a plan of debt adjustment in NYC OTB's case, continuation of the chapter 9 case would not serve any purpose. After dismissal, creditors and parties in interest will retain their rights under applicable nonbankruptcy law. NYC OTB requests that the court find that NYC OTB's request for dismissal is sufficient cause to dismiss the case and dismiss the case as requested.

18. Section 349(a) of the Bankruptcy Code provides that, "Unless the court, for cause, orders otherwise, the dismissal of a case does not bar the discharge, in a later case under this title, of debts that were not dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title". NYC OTB believes that there is no cause for ordering otherwise and requests that the Court provide for an ordinary dismissal without prejudice, as provided in section 349(a).

**II. The Court Should Approve the Proposed Form, Content, Scope and Manner of Notice of the Dismissal of the Case and of Notice of this Motion.**

19. Rule 1017 of the Federal Rules of Bankruptcy Procedure provides that a case shall not be dismissed on the motion of the petitioner before a hearing on notice as provided in Rule 2002. See Fed. R. Bankr. P. 1017. However, Rule 2002 does not provide for notice of a hearing on a motion to dismiss a case under chapter 9. Compare Fed. R. Bankr. P. 2002(a)(4) (applies only to cases under chapter 7, 11 or 12). Section 923 of the Bankruptcy Code and Rule 2002(f)(2) of the Federal Rules of Bankruptcy Procedure require that that notice of the dismissal of the case (but not of the hearing on a motion to dismiss) be given to all creditors by mail.

20. Under the circumstances of this case, and based on the gap in the Federal Rules of Bankruptcy Procedure with respect to notice of the hearing and of a dismissal, NYC OTB believes that notice to creditors by mail of the hearing on the motion to dismiss, in the form attached hereto as Annex B, is adequate and that a second notice to creditors of the actual dismissal should not be required. To clarify for creditors receiving such notice, the notice of the hearing advises that no further notice of the dismissal to creditors by mail would be given and that creditors who wish to confirm the actual

dismissal are on notice to confirm the dismissal directly. In addition, section 923 requires publication notice of the dismissal (but not of the hearing on a motion to dismiss), providing an additional form of notice of the actual dismissal.

21. In identifying claimants to notify by mail, a debtor's review of its own books is a sufficiently diligent effort to ascertain all known creditors. See In re XO Communications, 301 B.R. 782, 793 (Bankr. S.D.N.Y. 2003) (quoting Chemetron Corp. v. Jones, 72 F.3d 341, 346 (3d Cir. 1995)) ("[t]he requisite search . . . focuses on the debtor's own books and records. Efforts beyond a careful examination of these documents are generally not required."). Based on such review, NYC OTB is providing notice by mail of this Motion in the form set forth in Annex B to:

    a. All persons or entities identified on the List of Creditors [Docket No. 5];

    b. All persons or entities that have requested notice of the proceedings in NYC OTB's chapter 9 case;

    c. All persons or entities that have filed proofs of claim in NYC OTB's chapter 9 case;

    d. All known creditors and other known holders of claims as of the date of this Order, not including all persons or entities listed on the List of Creditors [Docket No. 5];

    e. Counsel to the Official Committee of Unsecured Creditors;

    f. Such additional persons and entities as deemed appropriate by NYC OTB.

NYC OTB believes that such notice is appropriate in the circumstances of this case.

22. Section 923 of the Bankruptcy Code requires notice of the dismissal of a case under chapter 9 to be published at least once a week for three successive weeks in

7

(a) at least one newspaper of general circulation published within this judicial district, and (b) a newspaper having a general circulation among bond dealers and bondholders as designated by this Court. NYC OTB contemplates publication of a Notice in the form attached to this Motion as Annex A in The New York Post. The New York Post is a newspaper of general circulation published within the Southern District of New York. The New York Post is particularly appropriate for providing notice of the dismissal of the case to stakeholders in NYC OTB's adjustment of debts because it has historically reported news regarding NYC OTB. See, e.g., David Seifman, You bet OTB is hurting, N.Y. POST, Nov. 10, 2009 and The little bookie that can't, N.Y. POST, Nov. 15, 2009. Because NYC OTB does not currently have any outstanding bonds, NYC OTB respectfully requests that the Court dispense with any requirement under section 923 of the Bankruptcy Code that the Notice be published in a newspaper designated by the Court having general circulation among bond dealers and bondholders. NYC OTB submits that publication of the Notice in The New York Post constitutes adequate notice that is consistent with the requirement of section 923 of the Bankruptcy Code.

23. The publication of the Notice would provide notice of dismissal of the case and of termination of the automatic stay and would advise that dismissal of the case does not bar the discharge, in a later case, of debts that were dischargeable in the dismissed case nor prejudice NYC OTB with regard to the filing of a subsequent chapter 9 petition. NYC OTB requests that the Court approve the form and content of the Notice and approve the procedures for publication of the Notice and dispense with further notice to creditors by mail of the granting of this Motion.

## **CONCLUSION**

WHEREFORE, NYC OTB respectfully requests that the Court enter an order in the form attached hereto as Annex C (a) dismissing NYC OTB's chapter 9 case and (b) approving notice of this Motion and of the proposed form of publication notice of dismissal of the case and dispensing with further notice to creditors by mail of the granting of this Motion.

Dated: December 15, 2010

                                           CRAVATH, SWAINE & MOORE LLP

By :   s/ Richard Levin
        RICHARD LEVIN (RL 1651)
        A member of the Firm

        Worldwide Plaza
          825 Eighth Avenue
            New York, NY 10019
              (212) 474-1000

*Attorneys for Debtor New York City Off-Track Betting Corporation*