Richard Levin (RL 1651)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Debtor New York City Off-Track Betting Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>NEW YORK CITY OFF-TRACK BETTING CORPORATION,<br><br>Debtor.[1] | Chapter 9<br><br>Case No. 09-17121 (MG) |

**SECOND OMNIBUS MOTION FOR AN ORDER AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

New York City Off-Track Betting Corporation ("**NYC OTB**"), hereby moves this Court for an order (the "**Order**") (a) authorizing the rejection of certain unexpired leases of nonresidential real property in accordance with sections 365(a) and 901 of the Bankruptcy Code, Rule 6006 of the Federal Rules of Bankruptcy Procedure, and Local Rule 6006-1, effective as to each lease as of the date of rejection listed on Annex A to this Motion ("Schedule of Leases To Be Rejected"), at which time NYC

---

[1] NYC OTB's address is 1501 Broadway, New York, NY 10036. NYC OTB's tax identification number is 13-2664509.

1

OTB will surrender the premises to the lessor and (b) granting related relief. In support of this Motion, NYC OTB respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b). Venue is proper before this Court under 28 U.S.C. §§1408 and 1409.

2. The statutory predicates for the relief requested by this Motion are sections 365(a) and 901 of the Bankruptcy Code, Rule 6006 of the Federal Rule of Bankruptcy Procedure and Local Rule 6006-1.

## RELIEF REQUESTED

3. In accordance with section 365(a) and section 901 of the Bankruptcy Code, Rule 6006 of the Federal Rules of Bankruptcy Procedure, and Local Rule 6006-1, NYC OTB seeks the entry of an order authorizing the rejection of each of NYC OTB's unexpired leases of nonresidential real property (collectively, the "**Leases**")[2] identified on Annex A to this Motion along with the associated obligations under such Leases to the parties identified on Annex A,[3] (the "**Lease Parties**"), effective as to each Lease as of the date of rejection listed on Annex A, at which time NYC OTB will surrender the premises to the lessor in accordance with section 365(d)(4).

---

[2] Each Lease includes any modifications, amendments, or other supplements thereto or restatements thereof.

[3] For each Lease, Annex A includes: (i) the location of the leased premises, (ii) the name and address of the lessor, (iii) the date of lease expiration and (iv) the effective date of lease rejection.

2

## FACTUAL BACKGROUND

4. On December 3, 2009 (the "**Petition Date**"), NYC OTB filed a voluntary petition [Docket No. 1] for relief under chapter 9 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The factual background regarding NYC OTB, including the business operations, the capital and debt structure, and the events leading to the filing of the chapter 9 case, is set forth in detail in this Court's Opinion and Order Overruling Objections of New York Racing Association, Inc., New York Thoroughbred Horsemen's Association, Inc., and New York Thoroughbred Breeders, Inc. to Debtor's Bankruptcy Petition and Statement of Qualifications Under § 109(c) [Docket No. 63]. On March 22, 2010, this Court entered an order for relief (the "**Order for Relief**") [Docket No. 64] in the case.

5. As of the Petition Date, NYC OTB was the lessee under 60 unexpired leases of nonresidential real property.

6. On the basis of NYC OTB's timely motion under section 365(d)(4)(B)(i) of the Bankruptcy Code for additional time to determine which unexpired leases of nonresidential real property to assume or reject, this Court entered an order on July 15, 2010, extending the time to assume or reject the unexpired leases of nonresidential real property to and including October 18, 2010 [Docket No. 125].

7. On the basis of NYC OTB's timely motion under section 365(a) of the Bankruptcy Code, this Court entered an order on August 17, 2010 authorizing rejection of nine of NYC OTB's unexpired leases of nonresidential real property [Docket No. 152].

8. On the basis of NYC OTB's timely motion under section 365(a) of the Bankruptcy Code, this Court entered an order on November 16, 2010 authorizing

assumption of seven of NYC OTB's unexpired leases of nonresidential real property (the "**Assumed Leases**") [Docket No. 206].

9. On the basis of NYC OTB's timely motion under section 365(d)(4)(B)(ii) of the Bankruptcy Code for additional time to determine which unexpired leases of nonresidential real property to assume, this Court entered an order on November 16, 2010, extending the time to assume 41 unexpired leases of nonresidential real property to and including December 31, 2010 (the "**Unassumed Leases**") [Docket No. 206].

10. Currently, NYC OTB is the lessee under 48 unexpired leases of nonresidential real property, consisting of seven Assumed Leases and 41 Unassumed Leases. Such leases include 45 branch locations where customers place wagers, a garage, a warehouse facility, and NYC OTB's headquarters location at 1501 Broadway, New York, New York, which houses NYC OTB's administrative and support departments and telephone betting and internet wagering operations.

11. On November 5, 2010, NYC OTB filed its Debt Adjustment Plan [Docket No. 193] and a Disclosure Statement [Docket No. 194] and its Motion for an Order Approving the Disclosure Statement, Establishing A Record Date, Approving Ballots And Solicitation Procedures And Establishing Confirmation Procedures [Docket No. 195].

12. On November 29, 2010, NYC OTB filed its First Amended Debt Adjustment Plan [Docket No. 220] and a revised Disclosure Statement [Docket No. 221]. On November 30, 2010, NYC OTB filed its Second Amended Debt Adjustment Plan [Docket No. 231] (the "**Plan**") and a further revised Disclosure Statement [Docket No. 232] (the "**Disclosure Statement**").

13. In the Plan and Disclosure Statement, NYC OTB represented that it believed that it would not be able to operate without continuing losses unless proposed legislation in the form described in Exhibit A to the Plan (the "**Plan Legislation**") was enacted and the Plan was confirmed and became effective.

14. On December 1, 2010, this Court entered an Order Approving Disclosure Statement, Establishing A Record Date, Approving Ballots And Solicitation Procedures And Establishing Confirmation Procedures [Docket No. 235] (the "**Approval Order**").

15. Although the New York State Assembly passed a bill on November 30, 2010 that was substantially similar to the Plan Legislation, the New York State Senate did not pass the bill and adjourned sine die.

16. Citing insufficient cash balances to support continued operations through December 2010 without positive legislative action, NYC OTB's board of directors adopted a resolution approving a plan to implement closure of NYC OTB as of close of business on Tuesday, December 7, 2010. In light of the New York State Senate's failure to pass favorable legislation, NYC OTB ceased substantial operations as of the close of business on December 7, 2010. Accordingly, NYC OTB does not intend to continue operations at any of the properties leased under its unexpired nonresidential real property leases. Instead, NYC OTB intends to vacate these properties and surrender possession of the premises to the applicable Lease Party on the dates shown on Annex A. Rejection is therefore appropriate to end the accrual of postpetition rent and unnecessary depletion of NYC OTB's assets.

17. Each of the Leases is an "unexpired lease" within the meaning of section 365 of the Bankruptcy Code, and therefore may be rejected by NYC OTB. To the extent

that any Lease on Annex A has already expired or been terminated in accordance with the terms of the applicable lease agreement, it is included solely for purposes of completeness.

## BASIS FOR RELIEF

**I. The Court Should Authorize Rejection Of The Unexpired Nonresidential Leases, Effective As To Each Lease As Of The Date Of Rejection Listed On Annex A.**

A. The Court Should Authorize Rejection Where The Debtor Has Exercised Business Judgment To Determine That Rejection Would Benefit The Estate.

18. Section 365(a) of the Bankruptcy Code allows a debtor, subject to the court's approval, to "assume or reject any executory contract or unexpired lease of the debtor." Section 901 of the Bankruptcy Code makes section 365(a) applicable in a chapter 9 case and entitles a chapter 9 debtor[4] to "fully utilize 11 U.S.C. § 365 to accept or reject its executory contracts." In re City of Vallejo, 403 B.R. 72, 76 (Bankr. E.D. Cal. 2009) *aff'd,* In re City of Vallejo, 2010 WL 2465455 (E.D. Cal. 2010).

19. The appropriate standard for a determination of the propriety of a debtor's decision to assume or reject a contract is the business judgment standard. See NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (dicta). Accordingly, in reviewing a debtor's decision to reject contracts, the bankruptcy court must "apply its best 'business judgment'" to determine if rejection would benefit the estate. See In re Orion Pictures Corp., 4 F.3d 1095, 1099 (2d Cir. 1993). However, Courts typically defer to the debtor's determination of whether the assumption or rejection of an executory contract or

---

[4] Section 365(a) makes reference to the power of a "trustee" to assume or reject executory contracts or unexpired leases. According to 11 U.S.C. 902(5), "trustee" means debtor when it is used in section 365(a). See 11 U.S.C. 902(5).

unexpired lease will benefit or burden the estate.  See In re Old Carco LLC, 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009) *citing* In re G Survivor Corp., 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994) ("Generally, absent a showing of bad faith, or an abuse of business discretion, the debtor's business judgment will not be altered.").

20. Accordingly, to satisfy the business judgment standard, the debtor must show that rejection of the executory contract or unexpired lease will eliminate a burden upon the debtor's estate.  See e.g. In re Stable Mews Associates, Inc., 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984) ("The business judgment test . . . requires only that the trustee demonstrate that rejection of the executory contract will benefit the estate.").

B. The Business Judgment Standard Is The Appropriate Standard To Evaluate A Chapter 9 Debtor's Decision To Reject Or Assume Contracts.

21. In a chapter 9 case, there is no estate.  Instead, the debtor retains the power to control and manage its property.  See 11 U.S.C. §§ 902(1), 904.  Nevertheless, courts considering the assumption or rejection of contracts or leases in chapter 9 cases should not apply a different standard of review from the standard applied in chapter 11 cases. See e.g. In re City of Vallejo, 2010 WL 2465455 (E.D. Cal. 2010) (District Court applies chapter 11 strict standard of review for rejection of collective bargaining agreements in chapter 9 case where the debtor sought to reject a burdensome collective bargaining agreement).  Accordingly, the business judgment standard is the appropriate standard to apply in reviewing the decision of a chapter 9 debtor to assume or reject an executory contract or unexpired lease.  As such, a chapter 9 debtor may show that the business judgment standard is satisfied by a showing that rejection or assumption would be beneficial to the debtor.

C. NYC OTB Has Determined In An Exercise Of Business Judgment That Rejection Of The Leases Will Benefit NYC OTB.

22. Given NYC OTB's determination to cease operations, the Leases are not necessary or valuable to NYC OTB. The properties will soon be vacated in accordance with NYC OTB's closure plan, and NYC OTB will not conduct operations or generate revenue at these locations in the future. As such, maintaining the Leases and the associated rent obligations under these circumstances would unnecessarily accrue rent and other expenses and thereby deplete NYC OTB's assets. Accordingly, in exercise of its business judgment, NYC OTB has determined that rejection of the Leases, effective as to each Lease as of the date of rejection listed on Annex A is in NYC OTB's best interest.

D. The Court Should Authorize Rejection Of The Leases As Of The Date Of Rejection Listed On Annex A.

23. Courts have permitted rejection of leases and executory contracts to be effective as of the date of notice of the debtor's intent to reject. See e.g., In re Jamesway Corp., 179 B.R. 33, 38 (S.D.N.Y. 1995) ("[A] court can, where appropriate, approve rejection retroactively."). Retroactive approval promotes the orderly administration of the bankruptcy case and reduces unnecessary burdens on the debtor. 3 Collier on Bankruptcy ¶ 365.03[4] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("Effective and economical administration of bankruptcy cases . . . requires that the estate have some flexibility and leeway with regard to the timing of the rejection of unexpired leases.")

24. This Motion provides the Lease Parties clear notice of NYC OTB's intention to reject the Leases and the date of rejection for each Lease. Approval of rejection as of the respective dates listed on Annex A will eliminate the unnecessary depletion of NYC OTB's assets and will support the orderly administration of NYC

OTB's closure process. Accordingly, the Court should authorize rejection of the Leases as of the respective dates listed on Annex A, at which time NYC OTB will surrender the premises in accordance with section 365(d)(4).

## CONCLUSION

WHEREFORE, NYC OTB respectfully requests that the Court enter an order in the form attached hereto as Exhibit A (a) authorizing the rejection of the Leases effective as to each Lease as of the date listed on Annex A and (b) granting such other and further relief as the Court deems just and proper.

Dated: December 28, 2010

                                      CRAVATH, SWAINE & MOORE LLP

                 By :    s/ Richard Levin
                                      RICHARD LEVIN (RL 1651)
                                      A member of the Firm

                                      Worldwide Plaza
                                           825 Eighth Avenue
                                              New York, NY 10019
                                                 (212) 474-1000

                                    *Attorneys for Debtor New York City Off-Track Betting Corporation*